Arafatullah **CHOWDHURY**, also known as Arafat U. Chowdhury, also known as Arafat Ullah Chowdhury, Petitioner

v.

Michael **MUKASEY**, Attorney General, Respondent.

No. 07–4189–ag.

United States Court of Appeals, Second Circuit.

July 10, 2008.

Edward J. Cuccia, Ferro & Cuccia, New York, NY, for Petitioner.

Kiley L. Kane, Trial Attorney (Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Mary Jane Candaux, Assistant Director, Office of Immigration Litigation, on the brief), United States Department of Justice, Washington, DC, for Respondent.

PRESENT: ROGER J. MINER, JOSEPH M. MCLAUGHLIN and JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Arafatullah Chowdhury petitions this Court for review of an August 31, 2007 order of the BIA affirming the December 7, 2005 decision of Immigration Judge ("IJ") Paul A. Defonzo denying Chowdhury's application for political asylum, withholding of removal, and adjustment of status; and ordering his removal to Bangladesh. *In re Arafatullah Chowdhury, a.k.a. Arafat U. Chowdhury, a.k.a. Arafat Ullah Chowdhury,* No. A96 427 083 (B.I.A. Aug. 31, 2007), *aff'g* No. A96 427 083 (Immig. Ct. N.Y. City Dec. 7, 2005). Petitioner contends that the BIA abused its discretion by (1) denying his motion to remand based on his second marriage to a U.S. citizen and (2) not excusing his failure to file a timely application for asylum in light of his status as a minor at the time of the filing deadline. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review for abuse of discretion both the BIA's denial of Chowdhury's motion to remand and its enforcement of the filing deadline. *See Singh v. United States Dep't of Justice,* 461 F.3d 290, 293 (2d Cir.2006) (motion to remand); *Dedji v. Mukasey,* 525 F.3d 187, 191 (2d Cir.2008) (establishment and enforcement of filing deadlines). "An IJ's decision constitutes error or an 'abuse of discretion' when (1)

his decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or (2) his decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Id.* at 191–92 (internal quotation marks omitted). For the reasons that follow, we perceive no abuse of discretion here and therefore deny the petition.

■ First, the BIA's decision to deny Chowdhury's motion to remand falls well within the discretion entrusted to the agency. Chowdhury contends that he submitted "clear and convincing" evidence that his second marriage was bona fide despite the absence of evidence that a Petition for Alien Relative ("Form I–130") had been filed on his behalf. He argues that his submission, which included a "full application package for Adjustment of Status including an I–485 and I–130 visa petition," affidavits from relatives, photographs of his wedding, and a joint lease, was sufficient to establish that his "marriage was entered into in good faith and . . . was not entered into for the purpose of procuring [his] admission," 8 U.S.C. § 1255(e)(3). The BIA was not persuaded, pointing to the absence of proof that "a Form I–130 ha[d] been filed" on Chowdhury's behalf and the similarity of this submission to "the set of documents [that] was included with the previous motion to remand based on [Chowdhury's] first marriage to a United States citizen." *Chowdhury*, No. A96 427 083, at 2. In light of (1) the brief four-month interval between Chowdhury's divorce from his first wife and his subsequent marriage to another U.S. citizen, (2) the even briefer three-month interval between the date Chowdhury met his second wife and their marriage, and (3) the absence of proof that an application for adjustment of status had been filed on his behalf, we see no abuse of discretion in the BIA's denial of Chowdhu-

ry's motion to remand because of his failure to prove that his second marriage was bona fide.

■ Second, we see no error whatsoever in the dismissal of Chowdhury's application for asylum and withholding of removal due to his failure to comply with the filing deadline set by the IJ. Chowdhury maintains that his status as a minor should excuse his noncompliance and, therefore, the "BIA's refusal to remand to allow [him] to present his claim for asylum is unreasonable." We disagree. At a June 13, 2003 hearing, the IJ instructed Chowdhury, who was then twenty years old and represented by counsel, that "because you're not yet 21, when you come back to Court next time, I want you to bring one of your parents with you." The IJ then set an August 15, 2003 deadline for the submission of Chowdhury's asylum application, explaining: "[Y]ou have to come back to Court on August 15th at 10:00 [a.m.] for the purpose of allowing your attorney an opportunity to give me your asylum application. It's important that you come back. If you don't come back, I may have to go ahead . . . [and] order you deported." On August 29, 2003, Chowdhury, accompanied by his father, appeared before the IJ; his attorney's presence had been excused due to a scheduling conflict. Because Chowdhury was unsure about whether he intended to file an asylum application at that time, the IJ ruled "that the asylum application ha[d] been abandoned for lack of prosecution." The IJ then set "another date to come back to Court so [Chowdhury's] lawyer can [attend]." At that hearing, held on November 21, 2003, Chowdhury's attorney stated that he did not intend to file an application for asylum or withholding of removal because "it's plainly evident that [Chowdhury] would not qualify," and would instead pursue an application for adjustment of

status based on Chowdhury's marriage to a U.S. citizen. Chowdhury and his father were present at this hearing. Because Chowdhury was represented both by counsel and by his father during the proceedings before the IJ, we see no basis to excuse his failure to comply with the deadline set by the IJ for submitting an application for asylum and/or withholding of removal.

For the foregoing reasons, the petition for review is DENIED.